IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG

WILLIAM CUNNINGHAM,

       Plaintiff,

v.                         Case No. 6:09-cv-01553

UNITED STATES,
WEST VIRGINIA and
MYSPACE, INC.,

       Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

On December 30, 2009, Plaintiff filed a complaint, naming the United States and the State of West Virginia as defendants (docket # 2), and an Application to Proceed without prepayment of fees and costs (# 1).  On January 5, 2010, Plaintiff filed an "Addendum to Complaint" (# 5), in which he addedyspace, Inc. as a party defendant.  Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), in a proceeding such as this one, where the Plaintiff seeks to proceed without prepayment of fees, the court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

such relief.  A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory.  <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992).  A "frivolous" claim lacks "an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

In <u>Bell Atlantic Corp v. Twombly</u>, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." <u>Id.</u> at 555.

The Supreme Court further explained its holding in <u>Twombly</u> in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombley*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombley*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted).  Rule 8 . . . does not unlock the doors of discovery for a

plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[1]

Because Plaintiff is <u>pro se</u>, the court "is obliged to construe his pleadings liberally and search for any 'set of facts in support of his claim which would entitle him to relief.'" <u>Materson v. Stokes</u>, 166 F.R.D. 368, 372 (E.D. Va. 1996) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972)).

Plaintiff is a registered sex offender. His complaint alleges that the United States and the State of West Virginia are denying him equal protection of the law because sex offenders are monitored and non-sex offenders, such as those convicted of larceny, are not monitored.  In this action, he further asserts that social networking internet sites, such as Myspace.com, prohibit registered sex offenders from participating in their network, due to pressure on the sites by the federal and state governments.  He asks for

---

[1] A motion to dismiss has not been filed in this case yet.  Such a motion, filed pursuant to Rule 12(b)(6), Fed. R. Civ. P., asserts that the complaint fails "to state a claim upon which relief can be granted," which is the same standard set forth in 28 U.S.C. § 1915(e)(2)(B).

entry of a declaratory judgment, without indicating what the judgment should declare.

Rule 8(a) of the Federal Rules of Civil Procedure governs the requirements for stating a proper claim for relief:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) (2009). Plaintiff's complaint does none of these things.

Plaintiff's complaint does not contain a short and plain statement of the court's jurisdiction or demonstrate that he is entitled to any relief. While Plaintiff asserts that his rights to equal protection of the law and due process have been violated, these are merely conclusory allegations, and he does not specify the purported origin of his cause of action or any facts which meet the essential elements of such claim. Plaintiff does not challenge the constitutionality of the public law that he cites; however, the undersigned notes that Plaintiff previously made such a challenge in another civil action in this court, and his constitutional challenge was determined to be without merit.

For the reasons stated herein, the undersigned proposes that

the presiding District Judge **FIND** that Plaintiff's complaint, as amended, fails to state a claim upon which relief may be granted. Thus, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's complaint, as amended, pursuant to 28 U.S.C. § 1915(e)(2)(B) and **DENY** Plaintiff's Application to Proceed without prepayment of fees and costs (# 1).

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United</u>

5

States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Chief Judge Goodwin.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

January 7, 2010
    Date

Mary E. Stanley
United States Magistrate Judge

6